### FISHER BODY CO v WADE

Ohio Appeals, 6th Dist, Huron Co

No 291. Decided Feb 20, 1933

Tolles, Hogsett & Ginn, Cleveland, T. O. Nevison, Cleveland, and G. Ray Craig, Norwalk, for plaintiff in error.

Boggs & Chase, Toledo, and C. B. Thornton, Akron, for defendant in error.

46

LLOYD, J.

The primary question, then, which confronts the court is whether on September 9th, 1925 Smith had in its service three or more employes, within the meaning of the workmen's compensation act.

It has been repeatedly held that this act is to be liberally construed to effect its intended objects and purposes but admittedly only those persons who are included within its terms and conditions are entitled to the benefit and protection thereof, and their status is to be determined by the common law distinction between employe and independent contractor. The test for determining whether one person is an employe of another is whether the alleged employer has the right to exercise control over the other as to the work he has undertaken to do. "The control of the work reserved in the employer, which makes the employe a mere servant, is a control, not only of the result of the work but also of the means and manner of the performance thereof;

where the employe represents the will of the employer as to the result of the work but not as to the means or manner of accomplishment, he is an independent contractor." 14 R.C.L., p. 68, §4.

The facts in the instant case are not in dispute and definitely show that the contracts of employment between Smith and these truck owners were in all respects alike, none of them continuing beyond the carriage of a single load of cushion springs from Detroit to Cleveland. Each owned his own truck, bore the expense of maintenance, bought the necessary oil and gasoline to operate it, furnished fire and theft insurance thereon and by the terms of the contract also paid the premiums on the insurance on the cargo carried. Each had the right, at the conclusion of a trip, to do as he pleased, to return to Detroit for another load, or not, as he chose, and to carry other freight for other persons as occasionally was done.

The evidence does not disclose that any orders or directions were at any time given by Smith to any of them as to what route should be taken, at what speed they should proceed, when leave Detroit or at what time arrive in Cleveland, except the contractual obligation to register at three designated places, and the monetary inducement to arrive in Cleveland by a certain time. The contract of carriage terminated with the arrival at Fisher's in Cleveland. The carriage of each load was a separate transaction and either Smith or the truck owner could maintain an action for breach of the contract with respect thereto. It may be pertinent to ask whether Smith would be liable therefor, if Wade instead of himself being injured had negligently collided with another automobile and as a proximate result of his negligence an occupant thereof had been injured? It seems obvious to us that each of these truck owners was an independent contractor and not an employe or workman within the scope and meaning of the compensation act.

Having arrived at this conclusion, this court is required to reverse the judgment of the Court of Common Pleas and render final judgment for the plaintiff in error, which is accordingly done.

Judgment reversed and final judgment.

RICHARDS and WILLIAMS, JJ, concur.